| | |
|---|---|
| BOULDER COUNTY DISTRICT COURT<br>STATE OF COLORADO<br>1777 6th Street<br>Boulder, CO 80302<br>Phone: (303) 441-3750<br>Fax: (303) 441-4750 | DATE FILED: July 14, 2023 3:32 PM<br>FILING ID: E36BCF581D636<br>CASE NUMBER: 2023CV30500 |
| **Plaintiff:** JEFFREY SCHWARTZ<br><br>v.<br><br>**Defendant:** CARGILL MEAT SOLUTIONS CORPORATION, a foreign corporation | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Matthew A. Crowther, #39146<br>JORGENSEN, BROWNELL & PEPIN, P.C.<br>8001 Arista Place, Suite 415<br>Broomfield, CO 80021<br>Phone: (303) 678-0560<br>Fax: (303) 678-0615<br>mcrowther@jbplegal.com | Case No. 2023cv030500<br><br>Div. 3 |
| AMENDED COMPLAINT AND JURY DEMAND | |

COMES NOW Plaintiff, Jeffrey Schwartz, by and through Counsel, Matthew A. Crowther of JORGENSEN, BROWNELL & PEPIN, P.C., respectfully submitting his complaint against Defendant, Cargill Meat Solutions Corporation ("Cargill"), as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over Defendant in this Court is proper pursuant to C.R.S. § 13-1-124(1)(b) because this suit pertains to Defendant's commission of tortious conduct within this state.

2. Venue in this Court is proper pursuant to C.R.C.P. 98(c)(1) because Defendant is not a resident of Colorado.

## PARTIES

3. Plaintiff is an individual and resident of Scotts Bluff County, Nebraska.

4. Cargill is a foreign corporation formed under the laws of the State of Delaware, with its principal office located at 825 E. Douglas Avenue, Wichita, KS 67202. Its registered agent is United Agent Group, 155 E. Boardwalk, Suite 490, Fort Collins, CO 80525.

EXHIBIT A

GENERAL ALLEGATIONS

5. Defendant was the owner and operator of a beef processing facility located at 1505 E. Burlington Avenue, Fort Morgan, CO 80701 on July 15, 2021.

6. Plaintiff was employed as an independent contractor engaged in the transportation of cattle to Cargill through a broker and was so engaged on July 15, 2021.

7. Between 7:00 to 8:00 p.m. on that date, Plaintiff was unloading 38 head of cattle from his semitrailer at Chute 3.

8. The flooring at Chute 3 consisted of rubber mats made from recycled tire treads that are woven together similar to those depicted below.



9. At the time Plaintiff was within Chute 3, the mats were covered in manure and dirt and were slick and slippery.

10. The unloading area in Chute 3 had only one cut-out exit instead of the two cut-out exits present in all other chutes at the Cargill facility—giving Plaintiff a limited means of egress from the chute.

11. The unloading area in Chute 3 had inadequate safety features—making it unreasonably difficult for Plaintiff to safely separate himself from the cattle exiting his trailer.

12. Plaintiff unloaded cattle from one level of his trailer successfully.

13. While Plaintiff was unloading the second level and attempting to exit the chute area, he was pushed by cattle, slipped, and fell face down on the ground.

14. As he was lying face down on the ground, Plaintiff was trampled by cattle and lost consciousness.

15. An individual unloading cattle at Chute 2 saw Plaintiff lying face down on the ground unconscious.

16. Plaintiff remained unconscious until the individual at Chute 2 interceded and grabbed hold of him.

17. After being removed from the chute area with the help of the individual that arrived from Chute 2, Plaintiff walked down a short flight of stairs to his truck to remove his boots and coveralls.

18. The person that came over to assist from Chute 2 finished unloading the cattle from the nose of Plaintiff's trailer and got Plaintiff's paperwork signed.

19. The person that came over to assist from Chute 2 then moved Plaintiff's tractor and trailer out of the chute area.

20. With the assistance of another individual, Plaintiff is told he was accompanied to the office where he waited for an ambulance.

21. Plaintiff was unable to leave Cargill on his own volition, was treated on scene by EMTs, and subsequently transported from the scene by ambulance to the emergency room at Colorado Plains Medical Center for treatment.

22. As a result of falling or being trampled by cattle at Cargill, Plaintiff suffered pain to his head and left shoulder, trauma to the frontal and occipital areas of his face (as depicted below), scalp laceration to the right side of the back of his head requiring suture with five staples (as depicted on the following page), scalp hematomas, concussion, comminuted fractures of the left posterior third rib head, and loss of consciousness.





23. Plaintiff was admitted to the Colorado Plains Medical Center hospital following emergency room treatment, remained there as an in-patient for two nights, and was discharged on July 17, 2021.

24. Plaintiff was forced to rely on friends and family members to pick him up from the hospital to take him back home, to retrieve his semi-tractor and trailer, as he was unable to drive following the accident, and family members checked in on him while he was recuperating for a period of more than six weeks.

CLAIM FOR RELIEF
(Premises Liability)

25. Plaintiff repeats and re-alleges every averment pled in this complaint as if such allegations were stated fully herein.

26. Plaintiff has injuries, damages, and losses as a result of his inability to safely exit Chute 3 due to its poor condition and design.

27. Plaintiff was Defendant's "invitee" as that term is defined by C.R.S. § 13-21-115(5)(a) at the time he fell on July 15, 2021.

28. As an invitee, Cargill owed Plaintiff a duty to exercise reasonable care to protect him against dangers of which it actually knew or should have known.

29. Cargill either knew or reasonably should have known that the condition and design of Chute 3 on July 15, 2021, was dangerous.

30. Cargill failed to use reasonable care to protect its invitees against the dangerous condition and design of Chute 3.

31. Cargill's failure to use reasonable care to protect its invitees against the dangerous condition and design of Chute 3 was a cause of Plaintiff's injuries, damages, and losses.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant for his noneconomic losses and injuries which he has had to the present time and for those which he will probably have in the future, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life; economic losses and injuries which he has had to the present time and for those which he will probably have in the future, including loss of earnings, damage to his ability to earn money in the future, reasonable and necessary medical, hospital, and other expenses; damages associated with his physical impairment and disfigurement; costs; and interest on all sums pursuant to C.R.S. § 13-21-101.

### JURY DEMAND

Plaintiff demands a trial to a jury of six (6) on all issues.

RESPECTFULLY submitted July 14, 2023.

JORGENSEN, BROWNELL & PEPIN, P.C.

*/s/ Matthew A. Crowther*
Matthew A. Crowther, #39146
Attorney for Plaintiff

Plaintiff may be contacted through counsel:
Matthew A. Crowther, #39146
JORGENSEN, BROWNELL & PEPIN, P.C.
8001 Arista Place, Suite 415
Broomfield, CO 80021
Phone: (303) 678-0560
Fax: (303) 678-0615
mcrowther@jbplegal.com